UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ST. DOMINIC ACADEMY, a d/b/a of the ROMAN CATHOLIC BISHOP OF PORTLAND, a corporation sole; ROMAN CATHOLIC BISHOP OF PORTLAND, a corporation sole; and KEITH and VALORI RADONIS, on their own behalf and as next friends of their children K.Q.R., L.R.R., and L.T.R., <br><br> *Plaintiffs*, <br><br> v. <br><br> A. PENDER MAKIN, in her personal capacity and in her official capacity as Commissioner of the Maine Department of Education, and JEFFERSON ASHBY, EDWARD DAVID, JULIE ANN O'BRIEN, MARK WALKER, and THOMAS DOUGLAS, in their personal capacities and in their official capacities as Commissioners of the Maine Human Rights Commission, <br><br> *Defendants*. | No. 2:23-cv-00246 |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs respectfully submit this notice regarding *303 Creative LLC v. Elenis*, 600 U. S. ___, 2023 WL 4277208 (June 30, 2023), a pre-enforcement challenge to Colorado's public accommodations law brought by a woman who could not, for religious reasons, create websites celebrating same-sex weddings.

Plaintiffs' motion argues that Defendants have violated the First Amendment by forcing town tuitioning schools to allow speech that they disagree with on their school campuses. Mot. for Prelim. Inj. at 13-15. *303 Creative* reaffirmed that "the government may not compel a person to speak

1

its own preferred messages." Slip op. at 8. It does not matter "whether the government seeks to compel a person to speak its message when he would prefer to remain silent or to force an individual to include other ideas with his own speech that he would prefer not to include." *Id.* at 9. Both forms of compulsion violate the First Amendment. Yet Maine seeks to force religious schools to "include other ideas with [their] own speech" (*id.* at 9) by requiring those schools to allow religious expression from all viewpoints if they allow any religious expression at all. *See* 5 M.R.S. § 4602(5)(D); Mot. for Prelim. Inj. at 13-14. The First Amendment does not allow this.

*303 Creative* likewise emphasized that "the First Amendment protects acts of expressive association." Slip op. at 8. Thus, the Court held that states "could not use [their] public accommodations statute[s] to deny speakers the right 'to choose the content of [their] own message[s],'" *id.* at 15, or to "interfer[e] with [the speaker's] desired message," *id.* at 19. In the same way, Maine cannot interfere with the Radonis family's right to join together with St. Dominic Academy to give their children a Catholic education by forcing them to include messages that are contrary to this shared mission. *See* Mot. for Prelim. Inj. at 14-15.

"When a state public accommodations law and the Constitution collide, there can be no question which must prevail." Slip op. at 14. So too here: because the Maine Human Rights Act collides with the First Amendment, the Act must fall.

|  | Respectfully submitted, |
|---|---|
| *s/ James B. Haddow* | */s/ Adèle Auxier Keim* |
| James B. Haddow | Adèle Auxier Keim* |
| Maine Bar No. 003340 | Mark L. Rienzi* |
| Petruccelli, Martin & Haddow LLP | Daniel D. Benson* |
| Two Monument Square, Suite 900 | Benjamin A. Fleshman* |
| Portland, ME 04112-8555 | Michael J. O'Brien*† |
| Telephone: (207) 775-0200 x 6413 | The Becket Fund for Religious Liberty |
| Fax: (207) 775-2360 | 1919 Pennsylvania Ave., NW |
|  |   Suite 400 |
| * Admitted pro hac vice. | Washington, DC 20006 |
| † Not a member of the DC Bar; admitted in Louisiana. Practice limited to cases in federal court. | Telephone: (202) 955-0095 |
|  | Facsimile: (202) 955-0090 |
|  | *Counsel for Plaintiffs* |

## CERTIFICATE OF SERVICE

    I certify that on July 3, 2023, I caused the foregoing to be served electronically via the Court's electronic filing system on all parties.

                                      /s/ *Adèle Auxier Keim*
                                      Adèle Auxier Keim