## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ST. DOMINIC ACADEMY, a d/b/a of the ROMAN CATHOLIC BISHOP OF PORTLAND, a corporation sole; ROMAN CATHOLIC BISHOP OF PORTLAND, a corporation sole; and KEITH and VALORI RADONIS, on their own behalf and as next friends of their children K.Q.R., L.R.R., and L.T.R., <br><br> *Plaintiffs*, <br><br> v. <br><br> A. PENDER MAKIN, in her personal capacity and in her official capacity as Commissioner of the Maine Department of Education, and JEFFERSON ASHBY, EDWARD DAVID, JULIE ANN O'BRIEN, MARK WALKER, and THOMAS DOUGLAS, in their personal capacities and in their official capacities as Commissioners of the Maine Human Rights Commission, <br><br> *Defendants*. | No. 2:23-cv-00246 |

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs respectfully submit this notice regarding *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College ("SFFA")*, 600 U. S. ___, 2023 WL 4239254 (June 29, 2023), in which the Supreme Court invalidated race-based admissions policies at Harvard College and the University of North Carolina.

Plaintiffs' motion argues that Maine has continued the exclusionary policies struck down in *Carson* via targeted amendments to the Maine Human Rights Act. Mot. for Prelim. Inj. at 8-9, 10-11. Last week in *SFFA*, the Supreme Court held that those on the losing side of a constitutional

challenge "may not simply establish through . . . other means the regime [held] unlawful today." Slip op. at 39. Nor can states deploy artful workarounds to achieve unconstitutional goals through new means: "'[W]hat cannot be done directly cannot be done indirectly. The Constitution deals with substance, not shadows,' and the prohibition against . . . discrimination is 'levelled at the thing, not the name.'" *Id.* at 39-40 (quoting *Cummings v. Missouri*, 4 Wall. 277, 325 (1867)).

What's true for Harvard and the University of North Carolina is true for Maine. *Carson* called Maine's exclusion of religious schools "discrimination against religion." *Carson v. Makin*, 142 S. Ct. 1987, 1998 (2022). Whether achieved through the education law struck down in *Carson* or other provisions designed to produce the same result, Maine's discriminatory policy remains unconstitutional.

Respectfully submitted,

*s/ James B. Haddow*
James B. Haddow
Maine Bar No. 003340
Petruccelli, Martin & Haddow LLP
Two Monument Square, Suite 900
Portland, ME 04112-8555
Telephone: (207) 775-0200 x 6413
Fax: (207) 775-2360

*/s/ Adèle Auxier Keim*
Adèle Auxier Keim*
Mark L. Rienzi*
Daniel D. Benson*
Benjamin A. Fleshman*
Michael J. O'Brien*†
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave., NW
  Suite 400
Washington, DC 20006
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

* Admitted pro hac vice.
† Not a member of the DC Bar; admitted in Louisiana. Practice limited to cases in federal court.

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I certify that on July 3, 2023, I caused the foregoing to be served electronically via the Court's electronic filing system on all parties.

*/s/ Adèle Auxier Keim*
Adèle Auxier Keim
