## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| ST. DOMINIC ACADEMY, a d/b/a of the ROMAN CATHOLIC BISHOP OF PORTLAND, et al. | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-cv-00246-JAW |
| | ) | |
| A. PENDER MAKIN, in her personal and official capacity as Commissioner of the Maine Department of Education, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Now come the defendants, A. Pender Makin, in her personal capacity and in her official capacity as Commissioner of the Maine Department of Education, and Jefferson Ashby, Edward David, Julie Ann O'Brien, Mark Walker, and Thomas Douglas, in their personal capacities and in their official capacities as Commissioners of the Maine Human Rights Commission, and answer plaintiffs' complaint as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in the first sentence of this paragraph and therefore deny same. Defendants deny the allegations made in the second, third, and fourth sentences of this paragraph. Defendants deny that the former exclusion of sectarian schools was discriminatory and otherwise admit the allegations made in the fifth and sixth sentences of this paragraph.

2. Defendants deny the allegations made in the first and third sentences of this paragraph. Defendants admit that on June 17, 2021, the Maine Legislature enacted L.D. 1688,

"An Act to Improve Consistency Within the Maine Human Rights Act," and otherwise deny the allegations made in the second sentence of this paragraph.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

6. Defendants admit that L.D. 1688, as enacted, and among other things, 1) struck the provision exempting all religious organizations from the prohibition against sexual orientation discrimination and replaced it with a provision stating: "Nothing in this section . . . [r]equires a religious corporation, association or society that does not receive public funding to comply with this section as it relates to sexual orientation or gender identity;" 2) stated that educational institutions are not required "to participate in or endorse any religious beliefs or practices," but that "to the extent that an educational institution permits religious expression, it cannot discriminate between religions in so doing;" and 3) added ancestry, color, and religion to the protected categories within the education discrimination provisions.  Defendants otherwise deny the allegations made in this paragraph.

7. Defendants admit that presently, single-sex private schools are exempt from the educational provisions of the MHRA except those relating to disability but further state that this will no longer be the case as of October 25, 2023.  Defendants otherwise deny the allegations made in this paragraph.

8.      Defendants admit the allegations made in this paragraph.

9.      Defendants admit that absent conduct in Maine, the Maine Human Rights Act is not enforceable against schools outside of Maine.  Defendants admit that the Commissioner of the Department of Education may make arrangements for children in the unorganized territory to attend a public school in adjoining territory in the Province of Quebec and may pay tuition for those students.  Defendants admit that schools in other states are eligible to participate in the tuition program.  Defendants otherwise deny the allegations made in this paragraph.

10.     Defendants deny the allegations made in this paragraph.

11.     Defendants admit that after the Supreme Court issued its ruling in *Carson* Maine's Attorney General Aaron Frey issued a statement, which speaks for itself.  Defendants otherwise deny the allegations made in this paragraph.

12.     Defendants deny the allegations made in the first sentence of this paragraph. Defendants admit that in June 2022, law professor Aaron Tang authored an opinion piece that appeared in the New York Times, which opinion piece speaks for itself. Defendants otherwise deny the allegations made in this paragraph.

13.     Defendants admit that legislation had been enacted to eliminate an exception for single-sex schools and otherwise deny the allegations made in this paragraph.

14.     Defendants admit that plaintiffs are seeking declaratory and injunctive relief and otherwise deny the allegations made in this paragraph.

15.     Defendants deny the allegations made in the first sentence of this paragraph. Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations made in the second sentence of this paragraph and therefore deny same.

16.     Defendants deny that plaintiffs are entitled to any relief and otherwise the deny the allegations made in this paragraph.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

20.     Defendants admit the allegations made in this paragraph.

21.     Defendants admit the allegations made in this paragraph.

22.     Defendants admit the allegations made in this paragraph.

23.     Defendants admit the allegations made in this paragraph.

24.     Defendants admit the allegations made in this paragraph.

25.     Defendants admit the allegations made this paragraph.

26.     Defendants deny the allegations made this paragraph.

27.     Defendants deny the allegations made in this paragraph.

28.     Defendants admit that assuming the court has jurisdiction, venue is proper.

29.     Defendants admit that assuming the court has jurisdiction, venue is proper.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

45.     Defendants admit the allegations made in this paragraph.

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

51.     Defendants admit that Whitefield does not operate its own high school and are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

53.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

54.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

55.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

56.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

57.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

58.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

59.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

60.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

61.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

62.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

63.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

65. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

66. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

67. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

68. Defendants admit that the Maine Constitution imposes a duty on the Legislature to require "the several towns to make suitable provision, at their own expense, for the support and maintenance of public schools."  Defendants otherwise deny the allegations made in this paragraph.

69. Defendants admit the allegations made in this paragraph.

70. Defendants admit that Maine law allows towns that do not operate a public school for one or more grades to pay the tuition at a public school or approved private school. Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

71. Defendants admit the allegations made in this paragraph.

72. Defendants deny that the cited statutes say a "particular" public or private school and otherwise admit the allegations made in this paragraph.

73. Defendants admit the allegations made in this paragraph.

74.     Defendants admit that Maine has paid tuition to schools in states other than Maine but deny that it has approved any school outside of the United States for the receipt of public funds for tuition purposes pursuant to 20-A M.R.S. § 2951.

75.     Defendants deny that Maine has approved any private school in Quebec, Canada for the receipt of public funds for tuition purposes pursuant to 20-A M.R.S. § 2951 and deny that any town has paid for Maine students to attend such a school.  Maine otherwise admits the allegations made in this paragraph.

76.     Defendants admit the allegations made in this paragraph.

77.     Defendants admit the allegations made in this paragraph.

78.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

79.     Defendants deny the allegations made in this paragraph.

80.     Defendants admit the allegations made in this paragraph.

81.     Defendants admit the allegations made in this paragraph.

82.     Defendants admit the allegations made in this paragraph.

83.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in the first sentence of this paragraph and therefore deny same.  Defendants deny the allegations made in the second sentence of this paragraph.

84.     Defendants admit that Congressman James Blaine introduced a constitutional amendment to bar aid to sectarian schools.  Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

85.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

86.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

87.   Defendants admit that in 1982, Maine's Legislature enacted the provision currently codified at 20-A M.R.S. § 2951(2) and otherwise deny the allegations made in this paragraph.

88.   Defendants admit that the Maine Legislature did not repeal Section 2951(2) after the Supreme Court's decision in *Zelman* and otherwise deny the allegations made in this paragraph.

89.   Defendants deny that the "Establishment Clause justification [was] eliminated" and otherwise admit the allegations made in this paragraph.

90.   Defendants admit that opponents of the bill explained the basis for their opposition and otherwise deny the allegations made in this paragraph.

91.   Defendants deny the allegations made in this paragraph.

92.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

93.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

94.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

95.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

96.     Defendants admit the allegations made in this paragraph.

97.     This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit the allegations made in this paragraph.

98.     Defendants admit that in *Carson*, a group of religious Maine parents challenged the sectarian exclusion and otherwise deny the allegations made in this paragraph.

99.     Defendants deny the allegations made in this paragraph.

100.    Defendants deny the allegations made in this paragraph.

101.    Defendants admit that in *Carson*, Maine argued that plaintiffs lacked standing because the schools they wanted to attend would likely not participate in the tuition program because they then would no longer be permitted to refuse to hire homosexuals and that the plaintiffs argued that the schools would still be permitted to do so.  Defendants otherwise deny the allegations made in this paragraph.

102.    Defendants admit the allegations made in this paragraph.

103.    Defendants admit that in *Carson*, the State argued that plaintiffs lacked standing and that schools that accept public funds are not permitted to discriminate against homosexuals with respect to employment.  Defendants otherwise deny the allegations made in this paragraph.

104.    Defendants admit that the First Circuit stated that "potentially fact-dependent free exercise concerns . . . might then arise" if the schools at issue were to become eligible to receive tuition payments and otherwise deny the allegations made in this paragraph.

105.    Defendants deny the allegations made in this paragraph.

11

106. Defendants admit that on May 6, 2021, the MHRC submitted a twelve-page bill addressing multiple provisions of the MHRA, including making changes to the educational provisions of the MHRA, and that the bill was enacted on June 17, 2021 and signed into law by the Governor on June 24, 2021. Defendants otherwise deny the allegations made in this paragraph.

107. Defendants admit the allegations made in the first sentence of this paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in the second sentence of this paragraph and therefore deny same.

108. Defendants admit that the bill struck the provision exempting all religious organizations from the prohibition against sexual orientation discrimination and replaced it with a provision stating: "Nothing in this section . . . [r]equires a religious corporation, association or society that does not receive public funding to comply with this section as it relates to sexual orientation or gender identity." Defendants otherwise deny the allegations made in this paragraph.

109. Defendants admit that the bill stated that educational institutions are not required "to participate in or endorse any religious beliefs or practices," but that "to the extent that an educational institution permits religious expression, it cannot discriminate between religions in so doing." Defendants otherwise deny the allegations made in this paragraph.

110. Defendants deny the allegations made in this paragraph.

111. Defendants deny the allegations made in this paragraph.

112.   Defendants state that the transcript of the oral argument speaks for itself and no response is required.  To the extent a response is required, defendants admit that the State argued in *Carson* that the defining feature of a public education is religious neutrality and otherwise deny the allegations made in this paragraph.

113.   Defendants state that the transcript of the oral argument speaks for itself and no response is required.  To the extent a response is required, defendants deny the allegations made in this paragraph.

114.   Defendants deny the allegations made in the first sentence of this paragraph. Defendants admit the allegations made in the second sentence of this paragraph.

115.   Defendants admit the allegations made in this paragraph.

116.   Defendants admit the allegations made in this paragraph.

117.   Defendants admit the allegations made in this paragraph.

118.   Defendants deny the allegations made in this paragraph.

119.   Defendants admit the allegations made in this paragraph.

120.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in the first sentence of this paragraph and therefore deny same.  Defendants admit the allegations made in the second sentence of this paragraph.

121.   Defendants admit the allegations made in this paragraph, but state that the quoted excerpt is incomplete.

122.   Defendants admit that Maine's then-Speaker of the House responded to a tweet stating that Maine had changed its guidelines to exclude discriminatory schools by stating: "Sure did.  Anticipated the ludicrous decision from the far-right SCOTUS." Defendants otherwise deny the allegations made in this paragraph.

13

123.   Defendants admit that only one religious school has applied to be approved for tuition purposes and otherwise deny the allegations made in this paragraph.

124.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

125.   Defendants deny that the education and employment provisions of the MHRA are unconstitutional.  Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

126.   Defendants admit that "educational institution" is defined as "any public school or educational program, any public post-secondary institution, any private school or educational program approved for tuition purposes if both male and female students are admitted and the governing body of each such school or program. For purposes related to disability-related discrimination, 'educational institution' also means any private school or educational program approved for tuition purposes."  Defendants otherwise deny the allegations made in this paragraph.

127.   Defendants admit the allegations made in this paragraph.

128.   Defendants admit that the MHRA cannot be applied to conduct occurring wholly outside of Maine and otherwise deny the allegations made in this paragraph.

129.   Defendants admit that presently, single-sex schools are not included in the definition of "educational institution," except for purposes of disability-related discrimination, and otherwise deny the allegations made in the first sentence of this paragraph. Defendants admit the allegations made in the second sentence of this paragraph.

130.   Defendants admit that on April 27, 2023, a bill was introduced to remove the exclusion of single-sex schools from the MHRA's definition of "educational institution," the MHRC testified in support of the bill, the bill was enacted by the House on June 8, 2023 and by the Senate on June 12, 2023, and was signed by the Governor on June 15, 2023.  Defendants otherwise deny the allegations made in this paragraph.

131.   Defendants admit that until the 2021 amendment, "education facility[ies] owned, controlled or operated by a bona fide religious corporation, association or society" were exempted from the provisions prohibiting education discrimination based on sexual orientation and gender identity.  Defendants otherwise deny the allegations made in this paragraph.

132.   Defendants admit the allegations made in this paragraph.

133.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

134.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

135.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

136.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

137.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

138.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

139.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

140.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

141.   Defendants deny the allegations made in this paragraph.

142.   Defendants admit the allegations made in this paragraph.

143.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

144.   Defendants deny the allegations made in this paragraph.

145.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

146.   Defendants deny the allegations made in this paragraph.

147.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

148.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

149.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

150.   This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit the allegations made in the first

sentence of this paragraph.  Defendants deny the allegations made in the second sentence of this paragraph.

151.   This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit that the MHRA is subject to the ministerial exception and otherwise deny the allegations made in this paragraph.

152.   Defendants admit the allegations made in this paragraph.

153.   Defendants admit the allegations made in this paragraph.

154.   Defendants admit the allegations made in this paragraph.

155.   Defendants admit that in *Carson*, the State argued that schools that receive public funds would not be allowed to discriminate based on sexual orientation in employment matters and that the district court found that the State's argument about schools pursuing state approval were plausible.  Defendants otherwise deny the allegations made in this paragraph.

156.   Defendants admit that the MHRC has interpreted the MHRA as prohibiting schools that accept public funds from discriminating based on sexual orientation in employment matters and that the MHRC stated:  "A religiously-affiliated school or shelter or employer may continue to operate within its beliefs, at its own expense, but once the public funds to which all taxpayers contribute are utilized to subsidize the religious organization, the organization must not discriminate against a group of those taxpayers in its public accommodations, housing or employment."  Defendants otherwise deny the allegations made in this paragraph.

157.   Defendants deny the allegations made in this paragraph.

158.   Defendants deny the allegations made in this paragraph.

159. Defendants admit that charges of discrimination under the MHRA can be filed by either an aggrieved person or a MHRC staff member and otherwise deny the allegations made in this paragraph.

160. Defendants admit that the Commissioner of Education has joint rule-making authority with the MHRC to effectuate the educational provisions of the MHRA.

161. Defendants deny the allegations made in this paragraph.

162. Defendants deny the allegations made in this paragraph.

163. Defendants deny the allegations made in this paragraph.

164. Defendants admit that if the Department approved a Diocesan school for tuition purposes, it would become subject to provisions of the MHRA to which it would not be subject if it were not approved for tuition purposes.  Defendants otherwise deny the allegations made in this paragraph.

165. Defendants admit that the MHRC is empowered to hold hearings relating to, among other things, "general investigations concerning the effectiveness of this Act and the existence of practices of discrimination not prohibited by it, as well as to investigations of other alleged infringements upon human rights and personal dignity" and that in certain circumstances, the MHRC has the power to issue subpoenas. Defendants otherwise deny the allegations made in the first sentence of this paragraph. Defendants admit that an aggrieved person may file a complaint with the MHRC, that the MHRC may conduct an investigation, and that both an aggrieved person and the MHRC may file a civil action in Superior Court.  Defendants otherwise deny the allegations made in the second and third sentences of this paragraph.  Defendants admit that other than employment discrimination in the case of a respondent who has

more than 14 employees, a court may award civil penal damages not in excess of $100,000 in the case of a 3rd or subsequent order against the respondent arising under the same subchapter of the MHRA.  Defendants otherwise deny the allegations made in the fourth sentence of this paragraph.

166.   Defendants deny the allegations made in this paragraph.

167.   Defendants deny the allegations made in this paragraph.

168.   Defendants deny the allegations made in this paragraph.

169.   Defendants incorporate by reference their responses to all preceding paragraphs.

170.   This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit the allegations made in this paragraph.

171.   This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit the allegations made in this paragraph.

172.   This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit that the Supreme Court has stated that a law targeting religious beliefs as such is never permissible.

173.   This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit that the Supreme Court has stated that "the government, if it is to respect the Constitution's guarantee of free exercise, cannot impose regulations that are hostile to the religious beliefs of affected citizens and cannot act in a manner that passes judgment upon or presupposes the illegitimacy of

religious beliefs and practices" and that "[t]he Free Exercise Clause bars even 'subtle departures from neutrality' on matters of religion."

174.   Defendants deny the allegations made in this paragraph.

175.   Defendants deny the allegations made in this paragraph.

176.   Defendants admit that in the *Carson* litigation, the State argued that the plaintiffs lacked standing to sue and otherwise deny the allegations made in this paragraph.

177.   Defendants admit that the Attorney General made the quoted statements and otherwise deny the allegations made in this paragraph.

178.   Defendants admit that the Attorney General stated that he "intend[ed] to explore with Governor Mills' administration and members of the Legislature statutory amendments to address the Court's decision and ensure that public money is not used to promote discrimination, intolerance, and bigotry" and otherwise deny the allegations made in this paragraph.

179.   Defendants deny the allegations made in this paragraph.

180.   Defendants deny the allegations made in this paragraph.

181.   Defendants deny the allegations made in this paragraph.

182.   Defendants incorporate by reference their responses to all preceding paragraphs.

183.   This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit that the Supreme Court has held that the Free Exercise Clause protects against laws imposing special disabilities on the basis of religious views or religious status and otherwise deny the allegations made in this paragraph.

184.   This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations made in this paragraph.

185.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

186.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

187.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

188.   Defendants admit that this is an accurate quotation from the *Carson* decision but deny that it is true.

189.   Defendants admit that on June 4, 2021, the Governor signed into law a bill adding ancestry, color, and religion to the protected categories, striking the provision exempting all religious organizations from the prohibition against sexual orientation discrimination and replacing it with a provision stating:  "Nothing in this section . . . [r]equires a religious corporation, association or society that does not receive public funding to comply with this section as it relates to sexual orientation or gender identity," and stating that educational institutions are not required "to participate in or endorse any religious beliefs or practices," but that "to the extent that an educational institution permits religious expression, it cannot discriminate between religions in so doing."  Defendants otherwise deny the allegations made in this paragraph.

190.   Defendants deny the allegations made in this paragraph.

191.   Defendants deny the allegations made in this paragraph.

192.   Defendants deny the allegations made in this paragraph.

193.   Defendants deny the allegations made in this paragraph.

194.   Defendants deny the allegations made in this paragraph.

195.   Defendants deny the allegations made in this paragraph.

196.   Defendants deny the allegations made in this paragraph.

197.   Defendants deny the allegations made in this paragraph.

198.   Defendants deny the allegations made in this paragraph.

199.   Defendants incorporate by reference their responses to all preceding paragraphs.

200.   This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit that the Supreme Court has stated that laws burdening religious practice must be of general applicability.

201.   This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit that the Supreme Court has stated that government regulations are not neutral and generally applicable whenever they treat any comparable secular activity more favorably than religious exercise.

202.   Defendants deny the allegations made in this paragraph.

203.   Defendants deny the allegations made in this paragraph.

204.   Defendants admit the allegations made in this paragraph.

205.   This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit the MHRA cannot be enforced with respect to conduct occurring wholly outside of Maine's borders and otherwise deny the allegations made in this paragraph.

206.   Defendants deny the allegations made in this paragraph.

207.   Defendants deny the allegations made in this paragraph.

208.  Defendants deny the allegations made in this paragraph.

209.  Defendants deny the allegations made in this paragraph.

210.  Defendants deny the allegations made in this paragraph.

211.  Defendants deny the allegations made in this paragraph.

212.  Defendants deny the allegations made in this paragraph.

213.  Defendants incorporate by reference their responses to all preceding paragraphs.

214.  This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit that the Supreme Court has stated that "[t]he child is not the mere creature of the State; those who nurture him and direct his destiny have the right, coupled with the high duty, to recognize and prepare him for additional obligations."

215.  This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit that the Supreme Court has stated that "[t]he history and culture of Western civilization reflect a strong tradition of parental concern for the nurture and upbringing of their children" and "that there is a constitutional dimension to the right of parents to direct the upbringing of their children."

216.  This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit that the Supreme Court has stated that "the traditional interest of parents with respect to the religious upbringing of their children" is a fundamental right and interest and that "the interest of parents in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty interests recognized by this Court."

23

217.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

218.  Defendants deny the allegations made in this paragraph.

219.  Defendants deny the allegations made in this paragraph.

220.  Defendants deny the allegations made in this paragraph.

221.  Defendants deny the allegations made in this paragraph.

222.  Defendants deny the allegations made in this paragraph.

223.  Defendants incorporate by reference their responses to all preceding paragraphs.

224.  This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit that the Supreme Court has stated that "[t]he First Amendment protects the right of religious institutions to decide for themselves, free from state interference, matters of church government as well as those of faith and doctrine."

225.  This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit that the Supreme Court has stated that the purpose of the ministerial exception is to "ensure[] that the authority to select and control who will minister to the faithful . . . is the church's alone."

226.  This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit that the Supreme Court stated "that the First Amendment barred a court from entertaining an employment discrimination claim brought by an elementary school teacher, Cheryl Perich, against the religious school where she taught."  Defendants otherwise deny the allegations made in this paragraph.

227.   Defendants deny the allegations made in this paragraph.

228.   Defendants deny the allegations made in this paragraph.

229.   Defendants admit that the Attorney General stated that the schools at issue in *Carson* "promote a single religion to the exclusion of all others, refuse to admit gay and transgender children, and openly discriminate in hiring teachers and staff" and that "[e]ducational facilities that accept public funds must comply with anti-discrimination provisions of the Maine Human Rights Act, and this would require some religious schools to eliminate their current discriminatory practices."  Defendants otherwise deny the allegations made in this paragraph.

230.   Defendants deny the allegations made in this paragraph.

231.   Defendants deny the allegations made in this paragraph.

232.   Defendants deny the allegations made in this paragraph.

233.   Defendants incorporate by reference their responses to all preceding paragraphs.

234.   This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations made in this paragraph.

235.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

236.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in the first sentence of this paragraph and therefore deny same.  Defendants deny the remaining allegations made in this paragraph.

237.   Defendants deny the allegations made in this paragraph.

238.   Defendants deny the allegations made in this paragraph.

239.   Defendants incorporate by reference their responses to all preceding paragraphs.

240. Defendants admit that the Supreme Court stated in *Carson* that "scrutinizing whether and how a religious school pursues its educational mission would also raise serious concerns about state entanglement with religion and denominational favoritism" and otherwise deny the allegations made in this paragraph.

241. Defendants admit that if the Diocesan schools are approved for tuitioning purposes they will become subject to portions of the MHRA to which they are not presently subject and otherwise deny the allegations made in this paragraph.

242. Defendants deny the allegations made in this paragraph.

243. Defendants deny the allegations made in this paragraph.

244. Defendants deny the allegations made in this paragraph.

245. Defendants deny the allegations made in this paragraph.

246. Defendants deny the allegations made in this paragraph.

247. Defendants incorporate by reference their responses to all preceding paragraphs.

248. This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations made in this paragraph.

249. This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations made in this paragraph.

250. This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations made in this paragraph.

251. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

252. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

253.  Defendants deny the allegations made in this paragraph.

254.  Defendants deny the allegations made in this paragraph.

255.  Defendants deny the allegations made in this paragraph.

256.  Defendants deny the allegations made in this paragraph.

257.  Defendants deny the allegations made in this paragraph.

258.  Defendants deny the allegations made in this paragraph.

259.  Defendants deny the allegations made in this paragraph.

260.  Defendants deny the allegations made in this paragraph.

261.  Defendants deny the allegations made in this paragraph.

262.  Defendants deny the allegations made in this paragraph.

263.  Defendants incorporate by reference their responses to all preceding paragraphs.

264.  This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit that the Supreme Court has stated that "the unconstitutional conditions doctrine . . . vindicates the Constitution's enumerated rights by preventing the government from coercing people into giving them up."

265.  This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit that the Ninth Circuit has stated that the unconstitutional conditions doctrine "limits the government's ability to exact waivers of rights as a condition of benefits, even when those benefits are fully discretionary."

266.  Defendants deny the allegations made in this paragraph.

267.  Defendants deny the allegations made in this paragraph.

268.  Defendants deny the allegations made in this paragraph.

269.   Defendants deny the allegations made in this paragraph.

270.   Defendants deny the allegations made in this paragraph.

271.   Defendants incorporate by reference their responses to all preceding paragraphs.

272.   This paragraph asserts legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations made in this paragraph.

273.   Defendants deny the allegations made in this paragraph.

274.   Defendants deny the allegations made in this paragraph.

275.   Defendants admit the allegations made in this paragraph but in further response state that schools that share St. Dominic's religious beliefs are also allowed to participate in Maine's program.

276.   Defendants admit the allegations made in this paragraph but in further response state that families that share the Radonis family's religious beliefs are also allowed to participate in Maine's program.

277.   Defendants deny the allegations made in this paragraph.

278.   Defendants deny the allegations made in this paragraph.

279.   Defendants deny the allegations made in this paragraph.

280.   Defendants deny the allegations made in this paragraph.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The matter is not ripe.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are not justiciable.

## FOURTH AFFIRMATIVE DEFENSE

Defendants' conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known and defendants are therefore entitled to qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

The Court should abstain from deciding this matter because it involves unsettled questions of state law.

WHEREFORE, Defendants respectfully request judgment in their favor, along with their costs and such other relief as the Court deems appropriate.

Dated:  August 11, 2023
Augusta, Maine

Respectfully submitted,

AARON M. FREY
Attorney General

s/ Christopher C. Taub_____
Christopher C. Taub
Chief Deputy Attorney General
Sarah A. Forster
Assistant Attorney General
Office of the Attorney General
State House Station 6
Augusta, ME 04333
Telephone: (207) 626-8800
Email: christopher.c.taub@maine.gov
         sarah.forster@maine.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 11th day of August, 2023, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.  To my knowledge, there are no non-registered parties or attorneys participating in this case.

/s/ Christopher C. Taub
CHRISTOPHER C. TAUB
Chief Deputy Attorney General
Six State House Station
Augusta, Maine  04333-0006
Tel.  (207) 626-8800
Fax (207) 287-3145
Christopher.C.Taub@maine.gov