UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ST. DOMINIC ACADEMY, a d/b/a of the ROMAN CATHOLIC BISHOP OF PORTLAND, a corporation sole; ROMAN CATHOLIC BISHOP OF PORTLAND, a corporation sole; and KEITH and VALORI RADONIS, on their own behalf and as next friends of their children K.Q.R., L.R.R., and L.T.R.,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>A. PENDER MAKIN, in her personal capacity and in her official capacity as Commissioner of the Maine Department of Education, and JEFFERSON ASHBY, EDWARD DAVID, JULIE ANN O'BRIEN, MARK WALKER, and THOMAS DOUGLAS, in their personal capacities and in their official capacities as Commissioners of the Maine Human Rights Commission,<br><br>    *Defendants*. | No. 2:23-cv-00246 |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

    Plaintiffs respectfully submit this notice regarding *National Rifle Association of America v. Vullo*, 602 U.S. ----, 144 S. Ct. 1316 (May 30, 2024). In *Vullo*, a unanimous Supreme Court held that the plaintiff had plausibly claimed a First Amendment violation when it alleged in its complaint that a government official attempted to stifle its speech by threatening enforcement actions against the plaintiff's insurers. The Supreme Court reaffirmed the longstanding principle that the government may not "outmaneuver" the First Amendment by attempting to do indirectly what it has been forbidden from doing directly.

1

*Vullo* reaffirmed the principle announced in *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58 (1963), "that a government official cannot do indirectly what she is barred from doing directly: A government official cannot coerce a private party to punish or suppress disfavored speech on her behalf." *Vullo*, 144 S. Ct. at 1328. St. Dominic's case is *a fortiori*, because the "intermediary" in this case is not a private party (as in *Vullo*), but rather other state officials. In response to Defendants' partial motion to dismiss, *see* Dkt. 31, Def. Part. Mot. to Dismiss, Plaintiffs argue that Defendants are not entitled to qualified immunity simply because they sought to suppress the exercise of St. Dominic's First Amendment freedoms through amending and threatening to enforce the Maine Human Rights Act instead of the Education Act. *See* Dkt. 33, Pl. Opp. to Def. Part. Mot. to Dismiss, at 7-9.

*Vullo* also reiterated the longstanding principle that such "intermediary strateg[ies]" designed to "target" First Amendment activity are plainly unconstitutional. 144 S. Ct. at 1332. "Ultimately, the critical takeaway is that the First Amendment prohibits government officials from wielding their power selectively to punish or suppress speech, directly or (as alleged here) through … intermediaries." *Id. Vullo* also reiterated that government officials are prohibited from threatening to invoke "legal sanctions … to achieve the suppression" of First Amendment activity. 144 S. Ct. at 1327 (quoting *Bantam Books*, 372 U.S. at 67). That officials believe sanctions are statutorily warranted does not excuse such suppression: to state a coercive threat claim, a plaintiff need only "plausibly allege conduct that, viewed in context, could be reasonably understood to convey a threat of adverse government action in order to punish or suppress" the plaintiff's First Amendment activity. *Id.* at 1328.

In a similar vein, Plaintiffs in this case have properly alleged that Defendants proposed changes to the Maine Human Rights Act with the goal of suppressing Plaintiffs' First Amendment activity, and then threatened to enforce the newly amended law against Plaintiffs if they exercised the First Amendment rights vindicated in *Carson v. Makin*, 596 U.S. 767 (2022). *See* Dkt. 33, Pl. Opp. to Def. Part. Mot. to Dismiss, at 7-9. As in *Vullo*, Plaintiffs' well-pleaded allegations about this unlawful scheme must be "viewed in context" and taken "as true." *See Vullo*, 144 S. Ct. at 1328. In

short, *Vullo* confirms that Plaintiffs are entitled to prevail in this case and have more than adequately pleaded enough facts to overcome Defendant's motion to dismiss.

Respectfully submitted,

*/s/ James B. Haddow*  
James B. Haddow  
Maine Bar No. 003340  
Petruccelli, Martin & Haddow LLP  
Two Monument Square, Suite 900  
Portland, ME 04112-8555  
Telephone: (207) 775-0200 x 6413  
Fax: (207) 775-2360

\* Admitted pro hac vice.  
† Not a member of the DC Bar; admitted in Louisiana. Practice limited to cases in federal court.

*/s/ Adèle Auxier Keim*  
Adèle Auxier Keim\*  
Mark L. Rienzi\*  
Daniel D. Benson\*  
Benjamin A. Fleshman\*  
Michael J. O'Brien\*†  
The Becket Fund for Religious Liberty  
1919 Pennsylvania Ave., NW  
 Suite 400  
Washington, DC 20006  
Telephone: (202) 955-0095  
Fax: (202) 955-0090  
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on June 20, 2024, I caused the foregoing to be served electronically via the Court's electronic filing system on all parties.

/s/ *Adèle Auxier Keim*
Adèle Auxier Keim