**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

ST. DOMINIC ACADEMY, a d/b/a of the ROMAN CATHOLIC BISHOP OF PORTLAND, a corporation sole, et al.,

*Plaintiffs*,

v.

A. PENDER MAKIN, in her personal capacity and in her official capacity as Commissioner of the Maine Department of Education, et al.,

*Defendants*.

No. 2:23-cv-00246

## JOINT MOTION FOR PRELIMINARY INJUNCTION

Pursuant the Court's July 7, 2026 order (Dkt. 68), the parties jointly request entry of a preliminary injunction consistent with the First Circuit's July 2, 2026 ruling on Plaintiffs' appeal from denial of their motion for a preliminary injunction. The First Circuit affirmed in part, reversed in part, and remanded the case for further proceedings—"including the timely entry of a preliminary injunction" on a portion of Plaintiffs' claims. *St. Dominic Acad. v. Makin*, No. 24-1739, 2026 WL 1906594, at *36 (1st Cir. July 2, 2026). The parties file this joint motion for a preliminary injunction to effectuate that aspect of the First Circuit's ruling. To that end, the parties state as follows:

1. This case concerns conditions on participation in Maine's tuition-assistance program imposed by several provisions of the Maine Human Rights Act (MHRA), which governs all Maine elementary and secondary schools that receive public funding. *Id.* at *2-6.

2. Maine's tuition-assistance program requires school administrative units that do not maintain their own public elementary or secondary schools to "pay the tuition … at the public school or the approved private school of the parent's choice." *Id.* at *2 (quoting Me. Stat. tit. 20-A,

§ 5204(4)). "In 1981, the State legislature made it a requirement that participating schools be 'nonsectarian.'" *Id.* But the Supreme Court "held in June 2022 that the nonsectarian requirement violated the First Amendment's Free Exercise Clause." *Id.* (citing *Carson v. Makin*, 596 U.S. 767, 789 (2022)).

3. "The MHRA comprises the State's statutory nondiscrimination regime." *Id.* Its "nondiscrimination-in-education regime covers only schools that receive public funding"—including private schools "approved for tuition purposes" in Maine's tuition-assistance program. *Id.* at *3 (quoting Me. Stat. tit. 5, § 4553(2-A)). In 2021, Maine proposed and enacted various amendments to the MHRA, including to its education provisions. *Id.* at *3-4. Following *Carson*, parents may "direct public funds to religious schools via the tuition-assistance program." *Id.* at *6. And "a religious school in Maine may receive publicly funded tuition assistance." *Id.* "[B]ut if it does so, it must comply with most of the State's nondiscrimination laws or else face investigation by the MHRC and potential civil liability." *Id.*

4. In June 2023, Plaintiffs St. Dominic Academy, the Roman Catholic Bishop of Portland, and Keith and Valori Radonis brought a constitutional challenge to "four rules imposed by the MHRA" on religious schools seeking participation in the tuition-assistance program. *Id.* at *4, *6-7. They moved for a preliminary injunction on their First Amendment claims. *Id.* at *7. In August 2024, this Court denied preliminary injunctive relief as to all four rules. *Id.*; *see* Dkt. 50. Plaintiffs appealed. *St. Dominic*, 2026 WL 1906594, at *7.

5. This motion concerns the MHRA's "Religious Expression Rule." *Id.* at *4.[1] "Entirely new when adopted as part of the 2021 Amendments, this rule provides that the MHRA does not '[r]equire[ ] an educational institution to participate in or endorse any religious beliefs or practices' but that, 'to the extent that an educational institution permits religious expression, it cannot discriminate between religions in so doing.'" *Id.* (quoting Me. Stat. tit. 5, § 4602(5)(D)). "Like the

[1] The First Circuit upheld this Court's denial of a preliminary injunction as to the other three rules.

rest of the MHRA's education provisions, this rule only applies to a private elementary or secondary school in Maine if it receives public funding." *Id.* (citing Me. Stat. tit. 5, § 4553(2-A)).

6. St. Dominic "is a private Catholic school operated by the Roman Catholic Diocese of Portland" and "offers education from pre-kindergarten through eighth grade." *Id.* at *6. The Radonises "are parents of school-aged children who, at the time of filing this lawsuit, wished to send their children to St. Dominic using the tuition-assistance program," but whose claim for injunctive relief became "moot" "[d]uring the pendency of th[e] appeal." *Id.* at *6-7. The parties do not dispute that St. Dominic "meets or is capable of meeting the requirements to become approved for tuition purposes." *Id.* at *6.

7. St. Dominic and the Bishop argued, *inter alia*, that the Religious Expression Rule "violates the school's free-exercise rights because it would require the school to 'allow students to express dissenting religious views, even when doing so is contrary to the school's religious mission.'" *Id.* at *10.

8. On July 2, 2026, the First Circuit issued its decision holding, as relevant here, that St. Dominic and the Bishop are entitled to "the timely entry of a preliminary injunction against the Religious Expression Rule as applied to St. Dominic [and the Bishop]." *Id.* at *36; *see also id.* at *7 (referring to St. Dominic Academy and the Roman Catholic Diocese of Portland collectively as "St. Dominic"). The First Circuit remanded "the case for further proceedings consistent with [its] opinion, including the timely entry of a preliminary injunction against the Religious Expression Rule as applied to St. Dominic." *Id.* at *36.

WHEREFORE, the parties respectfully request that the Court enter an order preliminarily enjoining Defendants from enforcing the Religious Expression Rule, Me. Stat. tit. 5, § 4602(5)(D), against St. Dominic and the Bishop. Specifically, the Court's order should provide that Defendants are enjoined, during the course of this action and any subsequent appeals, from enforcing against St. Dominic Academy and the Roman Catholic Bishop of Portland (including all other Diocesan schools operated by the Bishop as the legal entity representing the Roman Catholic Diocese of Portland) the provisions of "An Act to Improve Consistency within the Maine Human Rights Act,"

S.P. 544, 130th Leg., 1st Spec. Sess., 2021 Me. Laws. 761, sec. 19 (enacted) (codified at Me. Stat. tit. 5, § 4602(5)(D)), insofar as such provisions require by their terms, substance, or effect that, "to the extent that an educational institution permits religious expression, it cannot discriminate between religions in so doing."

Respectfully submitted,

*s/ James B. Haddow*
James B. Haddow
Maine Bar No. 003340
Petruccelli, Martin & Haddow LLP
Two Monument Square, Suite 900
Portland, ME 04112-8555
Telephone: (207) 775-0200 x 6413
Fax: (207) 775-2360

*/s/ Adèle Auxier Keim*
Adèle Auxier Keim*
Mark L. Rienzi*
Benjamin A. Fleshman*
Michael J. O'Brien*
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave., NW
Suite 400
Washington, DC 20006
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

* Admitted pro hac vice.

*Counsel for Plaintiffs*

/s/ Sarah A. Forster

Sarah A. Forster
Maine Bar No. 65217
Six State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on July 13, 2026, I caused the foregoing to be served electronically via the Court's electronic filing system on all parties.

/s/ *Adèle Auxier Keim*
Adèle Auxier Keim