UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ST. DOMINIC ACADEMY, d/b/a the ROMAN CATHOLIC BISHOP OF PORTLAND, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 2:23-cv-00246-JAW |
| A. PENDER MAKIN, *in her personal capacity and in her official capacity as Commissioner of the Maine Department of Education*, et al., | ) | |
| Defendants. | ) | |

**ORDER ON REMAND**

Consistent with the First Circuit Court of Appeals' directive on remand, the Court enters a preliminary injunction against the Defendants from enforcing the Maine Human Rights Act's Religious Expression Rule, Me. Stat. tit. 5, § 4602(5)(D), against St. Dominic Academy and the Roman Catholic Bishop of Portland, to the extent provision prohibits an educational institution that permits religious expression from discriminating between religions. Based on the Plaintiffs' request, the Court maintains its stay order for the time being but orders the parties to file a joint status report within the thirty days of this order.

On June 13, 2023, the Roman Catholic Bishop of Portland, St. Dominic Academy, and Keith and Valori Radonis—on their own behalf and as next friends of their children K.Q.R., L.R.R., and L.T.R—filed a civil action against Maine Department of Education Commissioner A. Pender Makin and Maine Human Rights

Commission Commissioners Jefferson Ashby, Edward David, Julie Ann O'Brien, Mark Walker, and Thomas Douglas. *Verified Compl.* (ECF No. 1). The complaint broadly alleged that certain provisions of the Maine Human Rights Act (MHRA) effectively exclude St. Dominic Academy from participating in Maine's school tuition-assistance program in violation of the Plaintiffs' rights under the Free Exercise, Free Speech, and Equal Protection clauses of the U.S. Constitution. *Id.* Among other remedies, the Plaintiffs moved for a preliminary injunction, asking the Court to enjoin the allegedly unconstitutional provisions of the MHRA. *Pls.' Mot. for Prelim. Inj.* (ECF No. 5).

On August 8, 2024, the Court denied the Plaintiffs' motion for a preliminary injunction. *Order on Pls.' Mot. for Prelim. Inj.* (ECF No. 50). Although the Court agreed that the Plaintiffs had raised significant constitutional issues, it concluded the Plaintiffs were unlikely to succeed on the merits. *Id.* After rejecting the Defendants' arguments against reaching the merits on *Pullman* abstention and ripeness grounds, the Court concluded that an injunction against the MHRA's employment antidiscrimination provisions (the Employment Rule) was unnecessary because the Plaintiffs' proposed injunction would only reach conduct that is already protected by the plain text of the law. *Id.* at 26-42. The Court further concluded that the educational antidiscrimination provisions—the Religious Nondiscrimination Rule, Sexual Orientation and Gender Identity Nondiscrimination Rule, and the Religious Expression Rule—survived strict scrutiny and did not compel speech. *Id.* at 42-67. Finally, the Court concluded that the Plaintiffs had presented insufficient

evidence that the educational antidiscrimination provisions invited excessive entanglement or imposed unconstitutional conditions. *Id.* at 68-71. On August 9, 2024, the Plaintiffs appealed the Court's order. *Notice of Appeal* (ECF No. 53). On August 23, 2024, the Court stayed further proceedings pending the Plaintiffs' appeal. *Order* (ECF No. 58).

On July 2, 2026, the First Circuit issued its opinion and judgment, affirming in part and reversing in part this Court's order denying the Plaintiffs' motion for a preliminary injunction. *Opinion* (ECF No. 66); *J.* (ECF No. 67). Specifically, the First Circuit affirmed this Court's order insofar as it concluded that no case or controversy exists with respect to the Employment Rule and that the Plaintiffs had not shown a likelihood of succeeding on the merits of its claims against the Religious Nondiscrimination Rule and the Sexual Orientation and Gender Identity Nondiscrimination Rule. *Opinion* at 24-30, 43-108. The First Circuit, however, reversed this Court's order insofar as it concluded that the Plaintiffs had not demonstrated their entitlement to a preliminary injunction against the MHRA's Religious Expression Rule and remanded the case for further proceedings consistent with its opinion, including "the timely entry of a preliminary injunction." *Id.* at 30-43, 108. On July 27, 2026, the First Circuit issued its mandate, returning jurisdiction to this Court. *Mandate* (ECF No. 72).

Meanwhile, on July 13, 2026, the parties filed a joint motion for a preliminary injunction against the Religious Expression Rule as applied to St. Dominic Academy

and the Roman Catholic Bishop of Portland.[1] *Jt. Mot. for Prelim. Inj.* (ECF No. 70). The Plaintiffs also requested a "modest stay" of any further proceedings. *Jt. Status Report Regarding the First Circuit Ruling* (ECF No. 69).

Accordingly, the Court ORDERS that the Defendants are preliminarily enjoined from enforcing the "Religious Expression Rule," Me. Stat. tit. 5, § 4602(5)(D), against St. Dominic Academy and the Roman Catholic Bishop of Portland. Specifically, the Defendants are enjoined, during the course of this action and any subsequent appeals, from enforcing against St. Dominic Academy and the Roman Catholic Bishop of Portland (including all other Diocesan schools operated by the Bishop as the legal entity representing the Roman Catholic Diocese of Portland) the provisions of "An Act to Improve Consistency within the Maine Human Rights Act," 4 S.P. 544, 130th Leg., 1st Spec. Sess., 2021 Me. Laws. 761, sec. 19 (enacted) (codified at Me. Stat. tit. 5, § 4602(5)(D)), insofar as such provisions require by their terms, substance, or effect that, "to the extent that an educational institution permits religious expression, it cannot discriminate between religions in so doing."

The Court therefore AMENDS its August 8, 2024 Order on Plaintiffs' Motion for Preliminary Injunction (ECF No. 50), insofar as it denied the Plaintiffs' motion requesting a preliminary injunction against the Religious Expression Rule, Me. Stat. tit. 5, § 4602(5)(D). The Court GRANTS the Joint Motion for Preliminary Injunction (ECF No. 70) and ENJOINS the Defendants from enforcing the provisions of "An Act

[1] The Roman Catholic Bishop of Portland is a Maine corporation that is the legal entity representing the Roman Catholic Diocese of Portland. *Compl.* ¶ 17.

to Improve Consistency within the Maine Human Rights Act," 4 S.P. 544, 130th Leg., 1st Spec. Sess., 2021 Me. Laws. 761, sec. 19 (enacted) (codified at Me. Stat. tit. 5, § 4602(5)(D)), insofar as such provisions require by their terms, substance, or effect that, "to the extent that an educational institution permits religious expression, it cannot discriminate between religions in so doing." The Court further ORDERS the Clerk of Court to issue an amended judgment consistent with this order.

Finally, the Court's prior order staying further proceedings remains in effect, and the Court ORDERS the parties to file a joint status report no later than thirty days from the date of this order providing the Court with proposed next steps.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 27th day of July, 2026