**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| ST. DOMINIC ACADEMY, a d/b/a of the ROMAN CATHOLIC BISHOP OF PORT-LAND, a corporation sole, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>A. PENDER MAKIN, in her personal capacity and in her official capacity as Commissioner of the Maine Department of Education, et al.,<br><br>*Defendants*. | No. 2:23-cv-246 |

**JOINT STATUS REPORT**

Pursuant to the Court's July 29, 2026, Order on Remand, Dkt. 73, and docket Order to Reset Deadlines per Order on Remand, the parties respectfully submit this joint status report.

**Background**

Plaintiffs "challenged" "four rules imposed by the" Maine Human Rights Act (MHRA) that they allege preclude participation by Diocesan schools in Maine's tuition-assistance program. *St. Dominic Acad. v. Makin*, 181 F.4th 11, 24 (1st Cir. 2026). Plaintiffs moved for a preliminary injunction against enforcement of the four rules against St. Dominic Academy and the Roman Catholic Bishop of Portland. *Id.* at 27. This Court denied relief as to all four rules. *Id.* Plaintiffs appealed. *Id.*

The First Circuit affirmed in part, reversed in part, and remanded the case for further proceedings consistent with its opinion. It affirmed this Court's order denying preliminary injunctive relief as to three of the challenged rules. *Id.* at 63; *see also id.* at 24 (Employment Rule), 25 (Religious Nondiscrimination Rule), 57-58 (Sexual Orientation and Gender Identity Nondiscrimination Rule and Gender Presentation Policy).

The First Circuit reversed this Court's order "insofar as it determined that St. Dominic has not demonstrated its entitlement to a preliminary injunction against the Religious Expression Rule." *Id.* at 63. The Religious Expression Rule "provides that 'to the extent that an educational institution permits religious expression, it cannot discriminate between religions in so doing.'" *Id.* at 31 (quoting Me. Stat. tit. 5, § 4602(5)(D)); *see also id.* at 24.

The First Circuit "remand[ed] the case for further proceedings consistent with [its] opinion, including the timely entry of a preliminary injunction against the Religious Expression Rule as applied to St. Dominic [and the Bishop]." *Id.* at 63 (emphasis omitted); *see also id.* at 27 (referring to St. Dominic Academy and the Roman Catholic Diocese of Portland collectively as "St. Dominic").

In light of the First Circuit's ruling and this Court's subsequent order seeking the parties' views as to next steps, Dkt. 68, on July 13, 2026, the parties filed a joint status report, Dkt. 69. Plaintiffs requested that the stay on all proceedings be continued while they assess their legal options and proposed that the parties provide a joint status report to the Court in thirty days. *Id.* at 2. Defendants did not object to Plaintiffs' position. *Id.* The parties also expressed their agreement on entry of a preliminary injunction in Plaintiffs' favor against the Religious Expression Rule, *id.*, and separately filed a joint motion for preliminary injunction to that effect, Dkt. 70.

The First Circuit's mandate issued on July 24, 2026. Dkt. 72. This Court then granted the parties' joint motion for preliminary injunction on July 27, 2026. Dkt. 73; *see also* Dkt. 74 (clarification order). Based on Plaintiffs' request, this Court maintained its stay order for the time being and ordered the parties to file a joint status report within thirty days with proposed next steps. Dkt. 73 at 1, 5.

**Next Steps**

The parties set forth their respective positions below.

**Plaintiffs' Position**: Having considered their legal options following the First Circuit's decision and remand, Plaintiffs report that they intend to file a petition for writ of certiorari with the Supreme Court. The preexisting stay should continue while Supreme Court proceedings unfold.

Plaintiffs are likely to succeed in securing Supreme Court review and reversal. As this Court has acknowledged, "Plaintiffs ha[ve] raised significant constitutional issues" that have divided lower-court judges. Dkt. 73 at 2. Indeed, as the First Circuit pointed out, the Supreme Court recently "grant[ed] certiorari in a case concerning a Colorado sexual-orientation and gender-identity nondiscrimination rule as applied to religious preschools receiving public funds." *St. Dominic*, 181 F.4th at 42 n.30 (citing *St. Mary Catholic Par. v. Roy*, —— S. Ct ——, 2026 WL 1052111 (2026) (mem.); Petition for Writ of Certiorari, *St. Mary Catholic Par. v. Roy*, —— U.S. —— (2025) (No. 25-581), 2025 WL 3221412). Application of Maine's Sexual Orientation and Gender Identity Nondiscrimination Rule and Religious Nondiscrimination Rule to religious schools seeking participation in the town tuitioning program presents similar cert-worthy free-exercise questions.

A continued stay would also promote the interests of fairness and efficiency. On request of the parties, Dkt. 41, all scheduling order deadlines have been stayed since February 2024, Dkt. 42; and, at Defendants' (unopposed) request, Dkt. 57, all proceedings have been stayed since Plaintiffs' appeal, Dkt. 58. Maintaining the stay while Plaintiffs seek Supreme Court review would prevent unnecessary discovery and briefing on the merits while the Supreme Court considers serious questions of law that could dispose of the case.

Finally, a continued stay will not prejudice Defendants. The mere "passage of time" does not count as "substantial harm to the Government." *United States v. Kenney*, No. 07-cr-66, 2008 WL 3285891, at *3 (D. Me. Aug. 5, 2008) (Woodcock, J.) (granting stay during Supreme Court proceedings despite unlikelihood of certiorari "in the absence of any discernable injury to the Government other than the generalized harm that inevitably arises from delay").

Thus, the stay should be maintained while Plaintiffs seek Supreme Court review. "[T]he pendency of the petition for writ of certiorari, which raises issues sufficiently meritorious to permit further judicial review, coupled with the absence of any cognizable harm to the defendant during the pendency of certiorari proceedings, counsels against further—potentially unnecessary—proceedings in this court until the petition is resolved." *In re Borland Int'l, Inc.*, No. 95-1793, 1995

WL 767450, at *1 (1st Cir. Dec. 28, 1995) (cleaned up) (quoting and affirming the district court's decision granting a stay).

Plaintiffs believe that it is premature for this Court to decide Defendants' Motion to Dismiss. Other district courts have not hesitated to stay personal capacity claims under similar circumstances. *See, e.g.*, *Thomas v. Nakatani*, 128 F. Supp. 2d 684, 696 (D. Haw. 2000) (staying personal capacity claims pending Supreme Court review of related issues in another case). If this Court intends to decide the Motion to Dismiss, Plaintiffs request that the Court order supplemental briefing in light of subsequent caselaw, including the First Circuit's holding that the Defendants engaged in facial religious discrimination. *St. Dominic*, 181 F.4th at 35.

**Defendants' Position**:

Defendants ask the Court to decide the pending Motion to Dismiss Personal Capacity Claims, which was filed on August 11, 2023 and has been fully briefed and ready for decision since September 13, 2023 prior to the petition for certiorari being filed by plaintiffs.

Plaintiffs' Complaint seeks to impose personal liability for damages on the Individual Defendants (the Commissioner of Education and members of the Maine Human Rights Commission, some of whom were not even on the Commission during the period in question) for making arguments in court (through counsel representing the State, not the individual), issuing public statements, promulgating interpretative guidance, and proposing and supporting statutory amendments. It is undisputed that no defendant has applied the challenged statute to plaintiffs. They cite no case holding that such actions violate defendants' rights and seek to punish conduct that is protected by the First Amendment.

Moreover, the Individual Defendants' conduct is subject to qualified immunity. Qualified immunity protects the Individual Defendants "'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The question of whether the First Amendment prevents

Maine from making its broad antidiscrimination law applicable to religious entities accepting taxpayer funds is an open question of law – so much so that, as referenced above, the Supreme Court will be hearing a case posing this very question during the upcoming term. In this case, this Court denied Plaintiff's Motion for Preliminary Injunction in its entirety, and that decision was then upheld by the First Circuit with one exception. Certainly, the Individual Defendants should not be expected to know the law better than the Federal courts.

Unlike the official capacity claims, the Individual Defendants are, and continue to be, prejudiced by having baseless claims for damages hanging over their heads. For more than three years, they have had to live with these claims – notifying insurers, declaring them on applications – with no end in sight. Courts have been clear that because qualified immunity provides immunity from suit, not merely a defense to liability, qualified immunity should "be resolved at the earliest possible stage in litigation." *Maldonado v. Fontanes,* 568 F.3d 263, 268 (1st Cir. 2009) citing *Hunter v. Bryant,* 502 U.S. 224, 227 (1991). Defendants' position is that no supplemental briefing is needed because, with respect to qualified immunity, any subsequent developments in the law do not change the state of the law at the time when the Individual Defendants engaged in the conduct Plaintiffs are challenging. Nor is the applicable law clear today.

Defendants respectfully request that the Court decide the Motion to Dismiss Personal Capacity Claims.

Respectfully submitted,

*s/ James B. Haddow*
James B. Haddow
Maine Bar No. 003340
Petruccelli, Martin & Haddow LLP
Two Monument Square, Suite 900
Portland, ME 04112-8555
Telephone: (207) 775-0200 x 6413
Fax: (207) 775-2360

*/s/ Adèle Auxier Keim*
Adèle Auxier Keim*
Mark L. Rienzi*
Benjamin A. Fleshman*
Michael J. O'Brien*
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave., NW
Suite 400
Washington, DC 20006
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

* Admitted pro hac vice.

*Counsel for Plaintiffs*

*/s/* Sarah A. Forster
Sarah A. Forster
Maine Bar No. 008967
Six State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on August 26, 2026, I caused the foregoing to be served electronically via the Court's electronic filing system on all parties.

/s/ *Adèle Auxier Keim*
Adèle Auxier Keim